# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NIGEL MARIN,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>CAROLYN W. COLVIN,<br><br>　　　　Defendant. | Case No. 1:15-cv-00220-SAB<br><br>ORDER DISMISSING COMPLAINT, WITH LEAVE TO AMEND<br><br>AMENDED COMPLAINT DUE IN THIRTY (30) DAYS |

On February 9, 2015, Plaintiff Nigel Marin ("Plaintiff") filed the complaint in this action. (ECF No. 1.) For the reasons set forth below, the Court finds that Plaintiff's complaint fails to state any cognizable claims and should be dismissed without leave to amend.

## I.

## SCREENING

District courts may dismiss a claim sua sponte under Federal Rule of Civil Procedure 12(b)(6) if the Court gives notice of its intention to dismiss and afford plaintiffs an opportunity to at least submit a written memorandum in opposition to such motion. Lee v. City of Los Angeles, 250 F.3d 668, 683 n.7 (9th Cir. 2001) (quoting Omar v. Sea-Land Serv., Inc., 813 F.2d 986, 991 (9th Cir. 1987); Wong v. Bell, 642 F.2d 359, 362 (9th Cir. 1981)). Under Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require

1  'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570). "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'" Id. (quoting Twombly, 550 U.S. at 557). Further, although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (quoting Twombly, 550 U.S. at 555).

## II.

### PLAINTIFF'S COMPLAINT

Plaintiff's complaint is devoid of specific factual matter, but it appears that Plaintiff is attempting to sue Defendant for disability discrimination in the employment context. Plaintiff vaguely alleges that on or around "08/26/2013 Agency's Management, while in the scope of their employment, breached their standard of care, and with knowledge of substantial certainty ordered Plaintiff to report to work which placed him in the Zone of Danger, after receiving a Medical Certificate stating Plaintiff suffered from a serious health condition." (Compl. ¶ 1.)

Although it is unclear, it appears that Plaintiff was an employee of the Social Security Administration, and the agency denied Plaintiff's request for accommodation regarding his disability. Plaintiff does not identify what, if any, disability Plaintiff suffers from, or provide any details regarding the "Zone of Danger" and what sort of risk of danger it posed to Plaintiff. Plaintiff does not identify what accommodations he requested. Plaintiff alleges that he "suffered harm," but fails to provide any details regarding any harm he suffered.

Plaintiff also alleges that he filed a complaint with the EEOC, but the Social Security Administration lied during the investigation. Plaintiff provides no details regarding how Social Security lied or what they lied about. Plaintiff also makes vague allegations that Social Security

did not act in good faith, but fails to provide any factual details.  For example, Plaintiff alleges that Social Security did not allow a "union rep" to be present during a meeting, but fails to explain how that constitutes a lack of good faith or what provision of law requires Social Security to allow the "union rep" to be present.  Plaintiff alleges that he was "threatened" by an "Al Ballon," but provides no details regarding what was said.  Plaintiff further alleges that Social Security attempted to "assess AWOL charges, then to remove Plaintiff from his job." (Compl. ¶ 7.)

## III.

## DISCUSSION

### A.  Plaintiff's ADA Claim

Liberally construed, it appears that Plaintiff attempts to state a claim under the Americans with Disabilities Act for employment discrimination based upon his disability.  "[T]o establish a prima facie case of discrimination under the ADA [Plaintiff] must show that [he]: (1) is disabled; (2) is qualified; and (3) suffered an adverse employment action because of [his] disability." Snead v. Metropolitan Property & Cas. Ins. Co., 237 F.3d 1080, 1087 (9th Cir. 2001).

Plaintiff's complaint consists entirely of vague labels and conclusions and does not contain sufficient factual detail to state a claim to relief that is plausible on its face.  Plaintiff merely recited elements of a disability discrimination claim without alleging facts which show how those elements are met.

Plaintiff's complaint does not contain sufficient factual allegations to plausibly support the conclusion that he is disabled within the meaning of the ADA.  Plaintiff alleges no facts pertaining to his disability.  The ADA defines disability as "a physical or mental impairment that substantially limits one or more major life activities..." 42 U.S.C. § 12102(1).  Plaintiff alleges no facts which show how this definition is met.

Plaintiff's complaint does not contain sufficient factual allegations to plausibly support the conclusion that he "is qualified."  The ADA defines "qualified individual" as "an individual who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires." 42 U.S.C. § 12111(8).  Plaintiff's

complaint fails to allege any facts identifying the essential functions of his job or whether he could perform those functions with or without reasonable accommodation. Plaintiff does not identify what reasonable accommodation would entail.

Plaintiff's complaint does not contain sufficient factual allegations to plausibly support the conclusion that he "suffered an adverse employment action because of his disability." Plaintiff's complaint is unclear, because it appears Plaintiff was terminated after Plaintiff did not show up to work for three months. Plaintiff fails to allege any facts explaining how this three month absence from work was related to his disability.

Finally, Plaintiff alleges, in conclusory fashion, that Defendant failed to engage in the interactive process in good faith. "Once an employer becomes aware of the need for accommodation, that employer has a mandatory obligation under the ADA to engage in an interactive process with the employee to identify and implement appropriate reasonable accommodations." Humphrey v. Memorial Hospitals Ass'n, 239 F.3d 1128, 1137 (9th Cir. 2001) (citing Barnett v. U.S. Air, 228 F.3d 1105, 1114 (9th Cir. 2000)). "The interactive process requires communication and good-faith exploration of possible accommodations between employers and individual employees, and neither side can delay or obstruct the process." Id. (citations omitted). "Employers, who fail to engage in the interactive process in good faith, face liability for the remedies imposed by the statute of a reasonable accommodation would have been possible." Id. (citation omitted).

Aside from identifying a reasonable accommodation that would have been possible, Plaintiff fails to allege facts which plausibly support the conclusion that Defendant "delay[ed] or obstruct[ed]" the interactive process. Plaintiff alleges that a union representative was not allowed to be present at one meeting, but the Court is unaware of any law which suggests that the presence of a union representative is required. Plaintiff alleges that he was ordered to go back to work, but the mere fact that the interactive process did not produce an outcome satisfactory to Plaintiff is not sufficient in and of itself to state a claim. Plaintiff vague alleges that he was threatened by an "Al Ballon," but fails to elaborate on that allegation. Plaintiff also alleges that his medical information was not forwarded to a medical officer, but fails to

demonstrate how that created delay or obstructed the interactive process.

Based upon the foregoing, the Court finds that Plaintiff's complaint fails to state any cognizable claims.

### B.  Leave to Amend

"Generally, Rule 15 advises the court that 'leave [to amend the complaint] shall be freely given when justice so requires.' This policy is 'to be applied with extreme liberality.'" Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1051 (9th Cir. 2003) (quoting Owens v. Kaiser Found. Health Plan, Inc., 244 F.3d 708, 712 (9th Cir. 2001)). The factors the Court should consider in deciding whether to grant leave to amend include undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of the amendment. Id. at 1052.

In accordance with the "extreme liberality" with which leave to amend should be granted, the Court will grant Plaintiff an opportunity to amend the complaint to cure the deficiencies identified herein.

### IV.

### CONCLUSION AND ORDER

Based upon the foregoing, the Court finds that Plaintiff's complaint fails to state any cognizable claims.

Accordingly, it is HEREBY ORDERED that Plaintiff's complaint is dismissed, with leave to amend. Plaintiff shall file his amended complaint, if any, within thirty (30) days from the date of service of this order. Plaintiff is forewarned that failure to file a timely amended complaint will result in a recommendation that this action be closed.

IT IS SO ORDERED.

Dated:  **March 11, 2015**

UNITED STATES MAGISTRATE JUDGE