# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NIGEL MARIN, | Case No. 1:15-cv-00220-TLN-SAB |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS THAT THIS ACTION BE DISMISSED FOR FAILURE TO STATE A CLAIM |
| v. | |
| COMMISSIONER OF SOCIAL SECURITY, | OBJECTIONS DUE WITHIN THIRTY (30) DAYS |
| Defendants. | |

On February 9, 2015, Plaintiff Nigel Marin ("Plaintiff") filed the complaint in this action. (ECF No. 1.) On March 12, 2015, the Court issued an order dismissing the claims raised in the complaint, with leave to amend, for failure to state a claim. (ECF No. 8.)

The Court's March 12, 2015 order provided Plaintiff with thirty (30) days to file an amended complaint. To date, no amended complaint has been filed. Plaintiff was expressly warned that failure to file a timely amended complaint would result in a recommendation that this action be dismissed.

**I.**

**DISCUSSION**

Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." The Court has the inherent power to

1  control its docket and may, in the exercise of that power, impose sanctions where appropriate,
2  including dismissal of the action. Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir.
3  2000).

4       A court may dismiss an action, with prejudice, based on a party's failure to prosecute an
5  action, failure to obey a court order, or failure to comply with local rules. See, e.g. Ghazali v.
6  Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik
7  v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an
8  order to file an amended complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988)
9  (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised
10 of address); Malone v. United States Postal Serv., 833 F.2d 128, 130 (9th Cir. 1987) (dismissal
11 for failure to comply with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir.
12 1986) (dismissal for lack of prosecution and failure to comply with local rules).

13      In determining whether to dismiss an action for failure to comply with a pretrial order,
14 the Court must weigh "(1) the public's interest in expeditious resolution of litigation; (2) the
15 court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public
16 policy favoring disposition of cases on their merits; and (5) the availability of less drastic
17 sanctions." In re Phenylpropanolamine (PPA) Products Liability Litigation, 460 F.3d 1217, 1226
18 (9th Cir. 2006) (internal quotations and citations omitted). These factors guide a court in
19 deciding what to do, and are not conditions that must be met in order for a court to take action.
20 Id. (citation omitted).

21      In this instance the public's interest in expeditious resolution of the litigation and the
22 Court's need to manage its docket weigh in favor of dismissal. Plaintiff was ordered to file an
23 amended complaint within thirty days of March 12, 2015. Plaintiff has neither filed an amended
24 complaint nor otherwise responded to the Court's order. Plaintiff's failure to comply with the
25 orders of the Court hinders the Court's ability to move this action towards disposition, and
26 indicates that Plaintiff does not intend to diligently litigate this action.

27      Since it appears that Plaintiff does not intend to litigate this action diligently, there arises
28 a rebuttable presumption of prejudice to the defendants in this action. In re Eisen, 31 F.3d 1447,

1452-53 (9th Cir. 1994). This risk of prejudice may be rebutted if Plaintiff offers an excuse for the delay. In re Eisen, 31 F.3d at 1453. The risk of prejudice to the defendants also weighs in favor of dismissal.

The public policy in favor of deciding cases on their merits is greatly outweighed by the factors in favor of dismissal. It is Plaintiff's responsibility to move this action forward. This action can proceed no further without Plaintiff's cooperation and compliance with the order at issue, and the action cannot simply remain idle on the Court's docket, unprosecuted. In this instance, the fourth factor does not outweigh Plaintiff's failure to comply with the Court's orders.

Finally, a court's warning to a party that their failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. Ferdik, 963 F.2d at 1262; Malone, 833 F.2d at 132-33; Henderson, 779 F.2d at 1424. Plaintiff was expressly warned that failure to file an amended complaint would result in a recommendation that this action be dismissed.

## II.

## CONCLUSION AND RECOMMENDATION

For the reasons stated in the March 12, 2015 order, the Court finds that Plaintiff's complaint fails to state any cognizable claims. The Court further finds that this action should be dismissed as a result of Plaintiff's failure to prosecute.

Accordingly, it is HEREBY RECOMMENDED that this action be DISMISSED with prejudice for Plaintiff's failure to state a claim and failure to prosecute.

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304. Within thirty (30) days of service of this recommendation, any party may file written objections to these findings and recommendations with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014)

(citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **April 15, 2015**

UNITED STATES MAGISTRATE JUDGE