# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NIGEL MARIN,<br><br>       Plaintiff,<br><br>    v.<br><br>CAROLYN W. COLVIN,<br><br>       Defendant. | Case No. 1:15-cv-00220-SAB<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING THAT PLAINTIFF'S COMPLAINT BE DISMISSED WITHOUT LEAVE TO AMEND<br><br>OBJECTIONS DUE WITHIN THIRTY DAYS |

On April 16, 2015, Plaintiff Nigel Marin ("Plaintiff") filed the First Amended Complaint in this action. (ECF No. 12.) For the reasons set forth below, the Court finds that Plaintiff's First Amended Complaint fails to state any cognizable claim and should be dismissed without leave to amend.

**I.**

**SCREENING**

District courts may dismiss a claim sua sponte under Federal Rule of Civil Procedure 12(b)(6) if the Court gives notice of its intention to dismiss and afford plaintiffs an opportunity to at least submit a written memorandum in opposition to such motion. Lee v. City of Los Angeles, 250 F.3d 668, 683 n.7 (9th Cir. 2001) (quoting Omar v. Sea-Land Serv., Inc., 813 F.2d 986, 991 (9th Cir. 1987); Wong v. Bell, 642 F.2d 359, 362 (9th Cir. 1981)). Under Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to

relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570). "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'" Id. (quoting Twombly, 550 U.S. at 557). Further, although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (quoting Twombly, 550 U.S. at 555).

## II.

## PLAINTIFF'S COMPLAINT

Plaintiff's complaint names Carolyn W. Colvin, the Commissioner of the Social Security Administration, as Defendant. Plaintiff's claim arises from his employment with the Social Security Administration.

Plaintiff's complaint alleges that an EEOC claim is pending, which raises three issues: Defendant's denial of a November 8, 2014 request for reasonable accommodation, Plaintiff's allegation that Plaintiff was not allowed to have a union representative with him at an August 28, 2013 meeting, and Plaintiff's allegation that management "disrespected" Plaintiff's doctor's recommendation that Plaintiff be taken off work. (First Am. Compl., at pg. 2:4-11.) Plaintiff further alleges that he filed a motion to amend his EEOC claim to include additional claims asserted in the complaint filed in this action.

Plaintiff alleges that he worked as a Claim representative with the Social Security Administration. Plaintiff alleges that he suffers from dyslexia, bipolar disorder, ADHA, depression, and high blood pressure. Plaintiff further alleges that these conditions cause him to suffer from fatigue, headaches, and a feeling of being overwhelmed emotionally while dealing

with the public.

Plaintiff alleges that the Social Security Administration became aware of his conditions on August 1, 2012, when he was transferred from Philadelphia to Fresno. On August 26, 2013[1], Plaintiff submitted a medical note which stated that he should be taken off work for six months and 21 days to recover from depression and high blood pressure. However, Plaintiff was told to return to work on September 4, 2015.

Plaintiff alleges that, on August 27, 2013, Shanice Earl-Johnson (Acting Office Manager), Alfred Ballon (Area Assistant Director), and Tuan Nguyen (Area Director) met to discuss Plaintiff's request for medical leave. Plaintiff alleges that he was asked to attend a meeting without knowing the purpose of the meeting. Plaintiff asked that his union representative, Sylvia Norman, attend the meeting. Plaintiff contends that he had the right to "union representation" under "the Weingarten case." Plaintiff stated that he would attend the meeting "contingent upon Mrs. Norman being present." (First Am. Compl., at pg. 4:12-13.) Plaintiff further alleges that Mrs. Earl-Johnson "effectively lied to the EEOC Investigator that Plaintiff canceled the meeting." (First Am. Compl., at pg 4:13-14.)

On August 29, 2014, Plaintiff submitted a "FMLA 380-E" and claimed that he had accumulated sufficient sick leave to leave until September 18, 2013. During a phone discussion, Mrs. Earl-Johnson ordered Plaintiff back to work. Plaintiff also alleges that Mrs. Earl-Johnson again refused to allow a union representative to be present during the phone discussion.

On September 3, 2013, Plaintiff sent an e-mail to Mrs. Earl-Johnson complaining about his treatment. Plaintiff alleges that Mrs. Earl-Johnson lied to an EEOC investigator by claiming she never received Plaintiff's e-mail. Plaintiff reported to work on September 5, 2013. Plaintiff "attempted to mitigate his harm by leaving work that day" and "returned the next day, but immediately request[ed] to leave work because he felt distressed." (First Am. Compl., at pg: 7:12-14.) On September 7, 2015, Plaintiff was told that he did not have to report to work until a decision was reached on his request for leave.

---

[1] Plaintiff's complaint states "8/26/2015," which is clearly a typographical error. (See Compl., at pg. 3:10.) Typographical errors regarding the relevant dates appear repeatedly throughout the complaint, hampering the Court's ability to construct a coherent timeline of facts.

1         Plaintiff alleges that "several conference calls took places[sic] which consisted of
2 question[sic] not pertaining to the interactive process." (First Am. Compl., at pg. 7:18-19.)
3 Plaintiff claims he was "threatened" by Mr. Ballon when Mr. Ballon told Plaintiff that he must
4 make a decision as to which date Plaintiff was invoking his FLMA rights, and if Plaintiff did not
5 make a decision, Mr. Ballon would end the call.

6         Eventually, Plaintiff was told that only 12 weeks of medical leave was approved.
7 Plaintiff was also told that a decision on Plaintiff's request for reasonable accommodation would
8 be made.

9         On November 8, 2015, Pamela Shofstall (office manager) denied Plaintiff's request for
10 reasonable accommodation. Plaintiff alleges that his medical evidence was never reviewed by a
11 medical officer. Plaintiff was told that "[e]ven if SSA's Medical Officer were to find you
12 disabled under the Rehabilitation Act, my decision would not change without compelling
13 medical documentation addressing your specific medical condition and the accommodation you
14 requested." (First Am. Compl., at pg. 8:13-15.)

15         Plaintiff filed a claim with the EEOC on November 12, 2013. On December 21, 2013, a
16 return to work order was issued. Plaintiff provided additional medical information on January
17 17, 2014 indicating that his depression has worsened. On February 27, 2015, a medical officer
18 determined that Plaintiff's condition was covered under the Rehabilitation Act, but that the
19 requested accommodation for leave would not be effective. Plaintiff did not appeal this decision
20 because, on March 11, 2014, Plaintiff was told that he was granted leave through June 13, 2014.

21         Plaintiff received an e-mail that he was being discharged because he requested too much
22 leave. Plaintiff contends that this discharge was in retaliation for his EEOC claim. Plaintiff also
23 contends that he was retaliated against for a July 29, 2014 e-mail he sent to Kim Grace (Region
24 IX Commissioner) complaining that Mrs. Earl-Johnson was using two parking stalls in the
25 parking area. Plaintiff further complains that Mrs. Grace disregarded Plaintiff's request that the
26 complaint be treated as anonymous. Plaintiff alleges that, several months later, he was charged
27 with being absent without leave when he was 15 minutes late to a meeting.
28 / / /

Plaintiff raises a claim for intentional infliction of emotional distress and for violations of the Americans with Disabilities Act.

### III.

### DISCUSSION

#### A.   Plaintiff's Untimely First Amended Complaint

As an initial matter, the Court notes that Plaintiff's First Amended Complaint was filed one day late. Plaintiff's complaint was to be received by the Court on April 14, 2015. The First Amended Complaint bears a filing date of April 15, 2015 and did not appear on the Court's docket until April 16, 2015. The Court will grant Plaintiff a one day extension of time, nunc pro tunc, and deem Plaintiff's First Amended Complaint timely. As a result, the Court will vacate the Findings and Recommendations issued on April 16, 2015, which recommended that this action be dismissed due to Plaintiff's failure to file a timely amended complaint.

#### B.   Plaintiff's ADA Claim

Although styled as a claim under the ADA, Plaintiff's claim must be brought under the Rehabilitation Act because the ADA does not apply to employment with the United States of America. See 42 U.S.C. § 12111(5)(B); see also Scott v. Napolitano, 717 F. Supp. 2d 1071, 1082 n.4 (S.D. Cal. 2010). However, the standards used to determine liability for discrimination under the ADA are incorporated into the Rehabilitation Act. Scott v. Napolitano, 717 F. Supp. 2d 1071, 1086 (S.D. Cal. 2010) (citing 29 U.S.C. § 794(d) and 29 C.F.R. § 1614.203). "Section 504 of the Rehabilitation Act provides that 'no otherwise qualified individual with a disability ... shall, solely by reason of her or his disability, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving federal financial assistance." Quinones v. Potter, 661 F. Supp. 2d 1105, 1118 (D. Ariz. 2009). To state a claim under the Rehabilitation Act, Plaintiff "must demonstrate that (1) she is a person with a disability, (2) who is otherwise qualified for employment, and (3) suffered discrimination because of [his] disability." Walton v. U.S. Marshals Service, 492 F.3d 998, 1005 (9th Cir. 2007).

///

The Court finds that the conduct alleged in Plaintiff's complaint does not rise to the level of a violation of Plaintiff's rights under the Rehabilitation Act or the failure to engage in the interactive process in good faith. Plaintiff's complaint alleges that Alfredo Ballon made a threat to Plaintiff during a September 20, 2014 conference call which constituted the creation of a hostile work environment. Plaintiff alleges that Mr. Ballon asked Plaintiff to choose an effective date on which Plaintiff was invoking his rights under the FMLA. Plaintiff told Mr. Ballon that he could not decide at the moment and needed more time. Mr. Ballon then told Plaintiff that he would "not answer your hypothetical questions, select a date or I will end the call." (First Am. Compl., at pg. 11:12-18.) The Court finds that the alleged conduct does not constitute a hostile work environment or a violation of the Rehabilitation Act. Presumably, Mr. Ballon simply wanted to know when Plaintiff wanted to begin his period of unpaid leave and Plaintiff, for unknown reasons, could not answer the rather straightforward question. Mr. Ballon's conduct did not delay or obstruct the interactive process or constitute discrimination against Plaintiff because of his disability. If anything, Plaintiff's lack of preparation and ability to answer Mr. Ballon's question caused delay in the interactive process. Plaintiff is the one who requested the accommodation and leave, and based on the facts alleged, Plaintiff is the one who delayed resolution of this issue because he was unable to decide when his period of unpaid leave should begin.

Plaintiff also alleges that the Social Security Administration failed to engage in the interactive process in good faith. The facts alleged do not support Plaintiff's claim. "Once an employer becomes aware of the need for accommodation, that employer has a mandatory obligation under the ADA to engage in an interactive process with the employee to identify and implement reasonable accommodations." Humphrey v. Memorial Hospitals Ass'n, 239 F.3d 1128, 1137 (9th Cir. 2001) (citing Barnett v. U.S. Air, 228 F.3d 1105, 1114 (9th Cir. 2000)). "The interactive process requires communication and good-faith exploration of possible accommodations between employers and individual employees, and neither side can delay or obstruct the process." Id. (citing Barnett, 228 F.3d at 1114-15).

///

As an initial matter, the Court notes that Plaintiff's request to be placed on unpaid leave was eventually granted, and Plaintiff suffered no substantial prejudice. The facts show that Plaintiff requested accommodation in August 2013. Starting in September 7, 2013, Plaintiff was told that he was no longer required to report to work until a decision was made on his leave request. After some back and forth between Plaintiff and the Social Security Administration, Plaintiff's request was deemed granted in May or June of 2014. It appears Plaintiff did not work in the interim. Accordingly, Plaintiff was effectively on unpaid leave since September 2013. The complaint suggests that Plaintiff discharge proceedings were initiated "for using too much leave."

It is unclear what more Plaintiff expected out of the interactive process. Plaintiff does not identify any other reasonable accommodation that should have been considered. Plaintiff briefly alludes to part time work, but there is no indication that Plaintiff was capable of even part time employment, as the facts show that on the days in September when Plaintiff returned to work, he quickly went home after he felt distressed.

The facts alleged show that representatives from the Social Security Administration were in constant communication with Plaintiff regarding his requests for accommodation. The law requires Plaintiff's employers to engage in the interactive process. The law does not require Plaintiff's employers to acquiesce to all of Plaintiff's demands. The facts alleged show that the Social Security Administration explored reasonable accommodations with Plaintiff. Plaintiff has alleged no facts which support the conclusion that anyone acted in bad faith.

The specific examples of misconduct raised by Plaintiff do not amount to a breakdown of the interactive process. Plaintiff alleges that an August 28, 2013 meeting was canceled after Plaintiff demanded that a union representative attend. In this instance, Plaintiff appears to be at least partially responsible for any breakdown in communication. Plaintiff insisted that he possessed the right to demand that a union representative was present during the meeting, relying upon NLRB v. J. Weingarten, Inc., 420 U.S. 251 (1975). In Weingarten, the United States Supreme Court held that the provisions of the National Labor Relations Act grant employees the right of union representation <u>at investigatory interviews which the employee reasonably believes</u>

may result in disciplinary action against him. Weingarten does not apply on the facts alleged by Plaintiff with respect to the August 28, 2013 meeting. The August 28, 2013 meeting was not an investigatory interview relating to potential disciplinary action against Plaintiff. The August 28, 2013 arose from Plaintiff's request for accommodation under the Rehabilitation Act. The Court is unaware of any precedent which suggests that Weingarten rights attach in such a scenario. Accordingly, Plaintiff had no right to demand union representation at the August 28, 2013 meeting and is at least partially responsible for any delay or lack of good faith during the interactive process.

Plaintiff also contends that the denial of his request for reasonable accommodation was denied in bad faith because Plaintiff's information was not sent to a medical officer for review. Plaintiff alleges no facts which plausibly support the conclusion that this action constituted bad faith. The individual who reviewed Plaintiff's request determined that an opinion from a medical officer was unnecessary because Plaintiff did not submit Plaintiff failed to submit compelling medical documentation of his claimed medical condition and requested accommodation. Plaintiff alleges no facts which suggest any lack of good faith in this decision.

Plaintiff alleges that an "independent review" requested on November 11, 2014 violated the 20 day time limit for a response because no response was received until December 2, 2014. It is unclear where the 20 day time limit cited by Plaintiff is derived from. In any case, the fact that the response was one day late does not support the conclusion that the interactive process broke down nor does it evidence bad faith.

Plaintiff's complaint fails to identify any reasonable accommodation that the Social Security Administration could have implemented. It appears that Plaintiff was not working for nearly six months and Plaintiff's request to be placed on unpaid leave was eventually granted after some back and forth during the interactive process. If anything, the facts show that the interactive process was a success, given that Plaintiff's request was eventually granted. It is unclear how the facts would be any different if Plaintiff was granted unpaid leave earlier, since Plaintiff was effectively on unpaid leave throughout the entire process.

/ / /

Based upon the foregoing, the Court finds that Plaintiff's complaint fails to state any cognizable claims.

### C. Plaintiff's State Law Claims

Although Plaintiff's First Amended Complaint is unclear, Plaintiff appears to raise claims for "intentional infliction of emotional distress," "loss of reputation," "false light," and "gross negligence." Plaintiff characterizes these claims as "Federal Torts Claim," however the Court is unaware of any federal causes of actions on these theories. Accordingly, the Court analyzes these claims under California state law.

Under California law, the elements of a claim for intentional infliction of emotional distress are: 1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress, 2) the plaintiff's suffering severe or extreme emotional distress, and 3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct. Hughes v. Pair, 46 Cal. 4th 1035, 1050 (2009). Plaintiff alleges no facts which plausibly support the conclusion that any "extreme or outrageous conduct" occurred. The incidents alleged by Plaintiff were neither extreme nor outrageous, as a matter of law. Accordingly, Plaintiff's claim for intentional infliction of emotional distress fails.

Plaintiff confusingly alludes to "loss of reputation," "false light," "and "gross negligence" as headings in his First Amended Complaint. It is unclear what type of claim Plaintiff is attempting to assert. It is unclear what type of claim is alluded to as "loss of reputation."

California recognizes a claim for invasion of privacy by publicity that places the plaintiff in a false light in the public eye. Fellows v. National Enquirer, Inc., 42 Cal. 3d 234, 238 (1986). "In order to be actionable, the false light in which the plaintiff is placed must be highly offensive to a reasonable person." Id. Plaintiff alleges no publication of any facts, let alone facts that are false or highly offensive. Accordingly, this claim fails.

Plaintiff alleges that the Social Security Administration was "grossly negligent" by ordering Plaintiff back to work when it knew that Plaintiff would be harmed. Under California law, the elements for a claim of negligence are the existence of a legal duty of care, breach of

that duty, and proximate cause resulting in injury. McIntyre v. Colonies-Pacific, LLC, 228 Cal. App. 4th 664, 671 (2014). Plaintiff has not alleged facts which plausibly support the existence of a legal duty of care or a breach of that duty by Defendant. Furthermore, under California law, "to recover damages for emotional distress on a claim of negligence where there is no accompanying personal, physical injury, the plaintiff must show that the emotional distress was 'serious.'" Wong v. Tai Jing, 189 Cal. App. 4th 1354, 1377 (citing Molien v. Kaiser Foundation Hospitals, 27 Cal. 3d 916, 927-930 (1980)). "[S]erious emotional distress may be found where a reasonable man, normally constituted, would be unable to adequately cope with the mental stress engendered by the circumstances of the case." Id. (quoting Molien, 27 Cal. 3d at 928) (internal quotations omitted). In this instance, Plaintiff has not alleged facts which plausibly support the conclusion that he suffered "serious" emotional distress. Plaintiff alleged, that during the course of the interactive process, the Social Security Administration determined that Plaintiff should return to work. Such facts do not plausibly support the conclusion that a reasonable man, normally constituted, would be unable to cope with such a situation.

Based upon the foregoing, the Court finds that Plaintiff fails to state any cognizable claims under any state law tort theories.

**D.     Leave to Amend**

"Generally, Rule 15 advises the court that 'leave [to amend the complaint] shall be freely given when justice so requires.' This policy is 'to be applied with extreme liberality.'" Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1051 (9th Cir. 2003) (quoting Owens v. Kaiser Found. Health Plan, Inc., 244 F.3d 708, 712 (9th Cir. 2001)). The factors the Court should consider in deciding whether to grant leave to amend include undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of the amendment. Id. at 1052.

The Court previously informed Plaintiff of the deficiencies in his disability discrimination claims and Plaintiff's amendment failed to cure those deficiencies. Accordingly, the Court finds that further allowance of amendment would be futile.

## IV.

## CONCLUSION AND RECOMMENDATION

Based upon the foregoing, the Court finds that Plaintiff's complaint fails to state any cognizable claims. The Court further finds that leave to amend should be denied because Plaintiff's claims are not capable of being cured by prior leave to amend.

Accordingly, it is HEREBY RECOMMENDED that Plaintiff's complaint is dismissed, without leave to amend.

Further, it is HEREBY ORDERED that the Court's April 16, 2015 Findings and Recommendations are VACATED and withdrawn (ECF No. 11).

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304. Within thirty (30) days of service of this recommendation, any party may file written objections to these findings and recommendations with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **April 24, 2015**

UNITED STATES MAGISTRATE JUDGE